# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 16-797V
Filed: August 29, 2019
Not for Publication

*************************************
TARA HURLEY,                          *
                                      *       Special Master Horner
       Petitioner,                    *
                                      *
v.                                    *
                                      *       Attorneys' fees and costs
                                      *       decisions; Reasonable attorneys'
                                      *       fees and costs; duplicative billing
SECRETARY OF HEALTH                   *
AND HUMAN SERVICES,                   *
                                      *
       Respondent.                    *
                                      *
*************************************

*Ronald Homer*, Conway, Homer, P.C., Boston, MA, for petitioner.
*Lisa Renzi*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 5, 2016, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that influenza ("flu") vaccine administered to her left shoulder on November 1, 2013, caused her a shoulder injury related to vaccine administration ("SIRVA"). (Pet. at ¶ 1.) On January 18, 2018, a factual hearing was held. On November 19, 2018, Special Master Millman granted petitioner's motion for a decision dismissing petition and dismissed the petition for failure to make a *prima facie* case of causation of fact. Petitioner now seeks attorneys' fees and costs.

### I. Procedural History

On June 12, 2019, petitioner filed an application for attorneys' fees and costs, requesting $45,830.50 in attorneys' fees and $2,224.57 in attorneys' costs, for a total request of $48,055.07.

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

Petitioner did not incur personal costs related to the litigation of this matter. (ECF No. 59.) Following Special Master Millman's retirement, this case was reassigned to my docket on June 12, 2019 for resolution of attorneys' fees and costs. (ECF No. 61.)

On June 25, 2019, respondent filed a response opposing petitioner's application for an award of attorneys' fees and costs. Respondent stated that petitioner's application must be denied because petitioner failed to establish a reasonable basis for bringing her claim. (ECF No. 63.) Respondent stated that "the reasonable basis analysis must focus on whether there is evidentiary support for the essential elements of the claim set forth in the petition, not whether counsel acted reasonably by filing the petition." (*Id*. at 8 (citing *Simmons v. Sec'y of Health & Human Servs.*, 875 F. 3d 632, 636 (Fed. Cir. 2017)).)

Respondent emphasized Special Master Millman's finding, after holding a factual hearing, that petitioner was unable to offer any credible evidence that the onset of her shoulder pain was within 48 hours. (ECF No. 63, p. 10.) Respondent ultimately argued petitioner "never had reliable, objective evidence to demonstrate that her flu vaccination on November 1, 2013, caused a left shoulder injury," and a review of petitioner's medical records in whole actually showed that onset was six weeks after vaccination and therefore, petitioner filed her claim without any evidentiary basis to support her SIRVA claim." (*Id*. at 9-10.) Respondent argued that, "[p]etitioner's attempt to reconstruct the record to support vaccine causation was based on vague and inconsistent recollections that were ultimately and unequivocally rejected by the special master." (*Id*. at 10.) Therefore, respondent contended that by filing the petition without some objective evidence of vaccine-causation, and considering the discrepancies of the medical records and petitioner's later allegations, petitioner's counsel assumed the risk of not being compensated for being unable to establish reasonable basis for filing petitioner's claim." (*Id*. at 10 (citing *Everett v. Sec'y of Health & Human Servs.*, No. 91-1115V, 1992 WL 35863, at *2 (Fed. Cl. Spec. Mstr. Feb. 7, 1992)).)

On July 2, 2019, petitioner filed a reply, contending that petitioner proffered extensive evidence in support of reasonable basis and therefore, based on a totality of circumstances, petitioner maintained reasonable basis throughout the pendency of her claim and is entitled to an award of attorneys' fees and costs. (ECF No. 64, pp. 45-46.) Petitioner stated that "the reasonable basis standard is not equivalent to the preponderant standard of proving vaccine causation" and a "Court must be careful not to conflate the reasonable basis of a claim with proof of vaccine causation by preponderant evidence." (*Id*. at 23, 44 (citing *Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 287 (2014)).) Petitioner stated that although medical records are generally trustworthy evidence, they may not necessarily be complete and that there are several explanations for why later testimony may be inconsistent with the contemporaneous medical records. (*Id*. at 23-24 (citing *La Londe v. Sec'y of Health & Human Servs.*, 110 Fed. Cl. 184, 203-04 (2013), *aff'd* 746 F.3d 1334 (Fed. Cir. 2014)).)

Petitioner argued that her claim was based on a diagnosis that has been supported by medical literature and successfully litigated in the Vaccine Program. (*Id*. at 26-28, 36-43. (citing to *Forman-Franco v. Sec'y of Health & Human Servs.*, No. 15-1479V, 2018 WL 1835203 (Fed. Cl. Spec. Mstr. Feb. 21, 2018); *Cooper v. Sec'y of Health & Human Servs.*, No. 16-1387V, 2018 WL 1835179 (Fed. Cl. Spec. Mstr. Jan. 18, 2018); *Tenneson v. Sec'y of Health & Human Servs.*,

No. 16-1664V, 2018 WL 3083140 (Fed. Cl. Spec. Mstr. Mar. 30, 2018) (*aff'd* 142 Fed. Cl. 329 (2019)); *Gurney v. Sec'y of Health & Human Servs.*, No. 17-481V, 2019 WL 2298790 (Fed. Cl. Spec. Mstr. Mar. 19, 2019)).) Petitioner argued that, similar to the petitioners in the successful SIRVA cases that had a delay in treatment, petitioner also proffered medical records, affidavits, and oral testimony that, taken as a whole, support reasonable basis for petitioner's claim.

This matter is now ripe for adjudication.

## II.   Entitlement to Fees Under the Vaccine Act

### a. Legal Standard

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

"Good faith" is a subjective standard. *Hamrick v. Sec'y of Health & Human Servs.*, No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007). A petitioner acts in "good faith" if he or she holds an honest belief that a vaccine injury occurred. *Turner v. Sec'y of Health & Human Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Petitioners are "entitled to a presumption of good faith." *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (Fed. Cl. 1996).

"Reasonable basis" is not defined in the Vaccine Act or Rules. Deciding whether a claim was brought in good faith and had a reasonable basis "is within the discretion of the Special Master." *Simmons v. Sec'y of Health & Human Servs.*, 128 Fed. Cl. 579, 582 (2016), *aff'd*, 875 F. 3d 632 (Fed. Cir. 2017) (quoting *Scanlon v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 629, 633 (2014)). The Federal Circuit has clarified in *Simmons* that the reasonable basis determination is "an objective inquiry unrelated to counsel's conduct." 875 F. 3d at 636. The court looks "not at the likelihood of success [of a claim] but more to the feasibility of the claim." *Turner*, 2007 WL 4410030, at *6 (citing *Di Roma v. Sec'y of Health & Human Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)).

### b. Good faith and reasonable basis

Petitioner is entitled to a presumption of good faith. *Grice*, 36 Fed. Cl. at 121. Respondent does not contest that the petition was filed in good faith and there is no evidence that this petition was brought in bad faith. Therefore, I find that the good faith requirement is satisfied.

I have considered respondent's arguments regarding reasonable basis, but have concluded that they do not prevent petitioner from recovering her attorneys' fees and costs in this case. Although reasonable basis concerns were expressed early in this case by both respondent and Special Master Millman, Special Master Millman ultimately granted petitioner's request for a

3

fact hearing and addressed the resulting hearing testimony extensively in reaching her findings of fact. Once Special Master Millman issued findings of fact incompatible with petitioner's injury allegations, petitioner dismissed her claim. Prior to that point, petitioner presented a case in which her medical records reflected a diagnosis of adhesive capsulitis, which is a diagnosis potentially consistent with a SIRVA claim, but were unclear regarding onset. (Ex. 6, pp. 8, 11-12; *see Gurney v. Sec'y of Health & Human Servs.*, No. 17-481V, 2019 WL 2298790 (Fed. Cl. Spec. Mstr. Mar. 19, 2019) (citing to the regulations set by the Department of Health and Human Services that discuss adhesive capsulitis as an injury beyond deltoid bursitis that may follow vaccination.).)

Contrary to respondent's assertion that petitioner's medical records only support an onset of six weeks, at least some of petitioner's later medical treatment records included petitioner's account to her physicians of an immediate onset. Although mistaken as to when her vaccination occurred, the medical records memorialize that petitioner had shoulder pain since her vaccination that she associated with the administration of her vaccination. (Ex. 7, p. 5; Ex. 2, p. 3.) Also, in an earlier record petitioner estimated her pain to have begun six months prior to her April 28, 2014 visit, which would place her onset during the same month she received her vaccination, which would further help to support her claim. (Ex. 7, pp.1-3; *see Cooper v. Sec'y of Health & Human Servs.*, No. 16-1387V, 2018 WL 1835179 (Fed. Cl. Spec. Mstr. Jan. 18, 2018) (reasoning that generalizations memorialized by treating physicians can be sufficient to determine appropriate onset and that "it would be a mistake to overanalyze" notations reflected in medical records in search of a precise onset date.).)

Also of note, the earliest of petitioner's post-vaccination treatment records for her shoulder are chiropractic records (Ex. 15) that were silent as to the history of her condition rather than contradictory to her later accounts. *See Murphy v. Sec'y of Health & Human Servs.*, 23 Cl. Ct. 726, 733 (Fed. Cl. 1991) (*aff'd* 968 F.2d 1226 (Fed. Cir. 1992)) ("Since medical records typically record only a fraction of all that occurs, the fact that reference to an event is omitted from the medical records may not be very significant."). And although petitioner's records reflected a delay in seeking treatment, such a delay is not enough in itself to defeat a SIRVA claim. *Cooper*, 2018 WL 1835179 at *6 ("[..]a delay in treatment of several months [is not] to be dispositive in and of itself regarding the question of onset in a SIRVA case.").

Therefore, although there were conflicting medical records, petitioner did have some objective evidentiary support in the contemporaneous treatment records to make her claim feasible. Thus, although Special Master Millman ultimately concluded that there was insufficient evidence to support petitioner's claim, I find that petitioner had a reasonable basis to pursue the claim until Special Master Millman resolved the conflicting evidence regarding onset, at which point counsel appropriately acted to resolve the case through dismissal.

### III. Reasonableness of Requested Attorneys' Fees and Costs

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific

4

billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests … Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motions for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015-2016, 2017, 2018, and 2019 can be accessed online.[2]

Petitioner requests the following rates of compensation for the work of her attorneys:

|  | **2015** | **2016** | **2017** | **2018** | **2019** |
|---|---|---|---|---|---|
| Meredith Daniels | $280 | $280 | $286 | $294 | N/A |
| Joseph Pepper | N/A | $290 | $297 | $305 | N/A |
| Christina Ciampolillo | N/A | N/A | $307 | $342 | N/A |
| Ronald Homer | N/A | $400 | $409 | $421 | $430 |
| Paralegal | $135 | $135 | $138 | $142 | $145 |

Based on my experience and review of the billing records submitted by petitioner, I find petitioner's attorneys' fees rates to be acceptable and in conformance with what the other special masters have awarded Homer Firm attorneys and paralegals.

---

[2] The 2015–2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The 2019 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf. The hourly rates contained within the schedules are derived from the decision in *McCulloch*, 2015 WL 5634323.

### b. Hours Expended

Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). Special masters have also previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. *See Sabella*, 86 Fed. Cl. at 209. Additionally, special masters have previously found it reasonable to reduce the fees paid to petitioners due to billing for intra-office communication. *Soto v. Sec'y of Health & Human Servs.*, No. 09-897V, 2011 WL 2269423, at *6 (Fed. Cl. Spec. Mstr. June 7, 2011); *Carcamo v. Sec'y of Health & Human Servs.,* No. 97-483V, 2011 WL 2413345, at *7 (Fed. Cl. Spec. Mstr. May 20, 2011).

After reviewing the billing records, I find that counsel included entries that are deemed excessive and duplicative due to attorneys and paralegals billing for attending the same case meetings/conferences and reviewing the same orders. There were duplicative billing entries for time billed for intra-office meetings on May 13, 2016, June 13, 2016, September 14, 2016, June 2, 2017, December 13, 2017, December 14, 2017, February 9, 2018, February 13, 2018, February 21, 2018, March 12, 2018, and August 23, 2018. Additionally, there were duplicative billing entries for time billed reviewing the same filings and orders on May 23, 2017, July 6, 2017, December 22, 2017, January 22, 2018, April 17, 2018, August 21, 2018, November 20, 2018, and December 21, 2018. For duplicative entries, only time billed for attorney Meredith Daniels, the lead attorney in this case, was awarded. These duplicative billing entries result in a deduction of **$834.20** of the fee award.

### c. Attorneys' Costs

Attorneys' costs must be reasonable as well. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both. Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs."). Upon review of the submitted documentation, I find that the requested costs are reasonable.

## CONCLUSION

Accordingly, petitioner's application for attorneys' fees and costs is **GRANTED**. The court awards **$47,220.87**, representing $44,996.30 in attorneys' fees and $2,224.57 in attorneys' costs, in the form of a check made payable jointly to petitioner and Ronald Homer, Esq.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

**IT IS SO ORDERED.**

Dated: <u>August 29, 2019</u>                                                    <u>**s/ Daniel T. Horner**</u>
                                                                                                    Daniel T. Horner
                                                                                                    Special Master